VAN ZANDT'S, INC., Plaintiff, *v.* THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and Another, Defendants.

Supreme Court, Rensselaer County, June 11, 1927.

Labor — laundries — term " public laundry," as used in Labor Law, § 296, and Industrial Code, rule 1700, includes laundry doing work entirely on new goods ultimately distributed to trade — plaintiff required to install certain machinery in such laundry, pursuant to order of Department of Labor.

The term " public laundry," as used in section 296 of the Labor Law, which provides that " a shop, room or building where one or more persons are employed in doing public laundry work by way of trade or for purposes of gain is a factory

748   Van Zandt's, Inc., *v.* Dept. of Labor of State of N. Y.

Supreme Court, June, 1927.                    [Vol. 129

* * * and subject to the provisions relating to factories," and as used in rule 1700 of the Industrial Code, which defines the term "laundry," not only means a laundry doing custom work, but also means a laundry doing laundry work entirely on new goods which ultimately are distributed to the trade for sale to the public.

Accordingly, plaintiff, operating a laundry in conjunction with the manufacture of shirts and collars at its factory in the city of Troy, is conducting a laundry, within the meaning of section 296 of the Labor Law and rule 1700 of the Industrial Code, and pursuant to an order of the Department of Labor must install certain machinery therein; the purpose of the statute is to protect employees so as to place them under the provisions relating to factories which would require the installation of certain safety devices.

APPEAL from order of Labor Department pursuant to section 111 of the Labor Law.

*Swift & Potter,* for the plaintiff.

*Albert Ottinger, Attorney-General,* for the defendants.

NICHOLS, J. This is an action brought pursuant to section 111 of the Labor Law of 1921 to review an order of the Department of Labor made April 21, 1925, which required the plaintiff to install certain machinery in a laundry operated by plaintiff for the purpose of laundering collars and shirts, new goods entirely, manufactured at its factory in the city of Troy. The order was made by the Department of Labor pursuant to section 296 of the Labor Law of 1921 and rule 1700 of the Industrial Code on the assumption that the plaintiff was conducting a laundry pursuant to the terms of said section of the Labor Law and said rule of the Industrial Code. Section 296 of the Labor Law of 1921 provides as follows:

" § 296. Laundries. A shop, room or building where one or more persons are employed in doing public laundry work by way of trade or for purposes of gain is a factory within the meaning of this chapter and subject to the provisions relating to factories. No such public laundry work shall be done in a room used for sleeping or living purposes. All such laundries shall be kept in a clean condition and free from vermin and from all impurities of an infectious or contagious nature. This section shall not apply to a female doing custom laundry work at her home for regular family trade."

Rule 1700 of the Industrial Code, so far as it applies to this case, reads as follows:

" Rule 1700. The term ' Laundry ' shall mean an establishment wherein public laundry work is done by way of trade or for purposes of gain, and in which the washing, ironing or other finishing of clothes or other textiles is accomplished by the use of power driven machinery."

The plaintiff contends that the use of the words " public laundry work " in section 296 means the reception of custom work; and that inasmuch as the only laundry work done in this factory is the laundering of shirts and collars that are manufactured in said factory before they are distributed to the trade, said section of the Labor Law and said rule of the Industrial Code above quoted do not apply

The section makes use of the term " public laundry work," and further on in an exception makes use of the term " custom laundry work," showing that the Legislature recognized a distinction between the two. If it had used the term " custom laundry work," in the place of " public laundry work," there could be no question that the section would not apply. The purpose of the section is clearly apparent; it is first to protect the operatives so as to place them under the provisions relating to factories which would require the installation of certain safety devices. This purpose of the section is conceded by the plaintiff. The section then provides that no such public laundry work shall be done in a room used for sleeping or living purposes. This is to prevent any contagious germs being lodged on the work before it is sent out. And further on it provides: " All such laundries shall be kept in a clean condition and free from vermin and from all impurities of an infectious or contagious nature." This clearly shows that one purpose of the act is to protect the public which eventually will receive the laundered product.

I, therefore, hold and decide that the term " public laundry " as used in this act does not mean a laundry that does custom work only, but also means a laundry which does laundry work that ultimately is distributed to the public. The order of the Industrial Board is sustained and the appeal of the plaintiff dismissed.